UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

MICHAEL L. PLACENCIA,

    Plaintiff,

        v.                       CAUSE NO. 1:21-CV-153-HAB-SLC

MATTHEW TAMEZ, et al.,

    Defendants.

OPINION AND ORDER

Michael L. Placencia, a prisoner without a lawyer, was ordered to show cause why he has not paid the initial partial filing fee assessed by the court. (ECF 6.) Upon review of his responsive filings (ECF 7, 8), the order to show cause is discharged, and the court will proceed to screen the complaint. He will nevertheless be required to pay the filing fee in installments over time pursuant to 28 U.S.C. § 1915(b)(2).

Pursuant to 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because he is proceeding

without counsel, the court must give the complaint liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Placencia alleges that on September 7, 2020, he was arrested on felony drug charges and taken to the DeKalb County Jail. He claims that Matthew Tamez, a sergeant with the DeKalb County Sheriff Department, confiscated his cell phone, which was in his possession at the time of his arrest. He complains that Sergeant Tamez did not have a warrant to take the phone, and did not obtain a warrant to search the phone until several days later. He alleges that Sergeant Tamez violated various Indiana laws and the Sheriff's Department internal procedures in taking the phone without a warrant. He further alleges that Sergeant Tamez's actions violated the Fourth Amendment to the U.S. Constitution. Based on these events, he sues Sergeant Tamez, DeKalb County Sheriff David Cserep, and the DeKalb County Sheriff's Department.

Mr. Placencia's allegations about violations of Indiana law and departmental procedures do not give rise to a federal constitutional claim. *Wozniak v. Adesida*, 932 F.3d 1008, 1011 (7th Cir. 2019) ("[A] constitutional suit is not a way to enforce state law through the back door."); *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (observing that "42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or . . . departmental regulations and police practices").

Furthermore, the Fourth Amendment permits an arrestee's personal effects to be confiscated at the time of his arrest, even without a warrant. *United States v. Edwards*, 415 U.S. 800, 803 (1974) ("[O]nce the accused is lawfully arrested and is in custody, the effects in his possession . . . may lawfully be searched and seized without a warrant").

Although police officers must obtain a warrant in order to search the *contents* of a cell phone, *Riley v. California*, 573 U.S. 373, 393 (2014), it is apparent from Mr. Placencia's allegations that Sergeant Tamez did in fact obtain a warrant to search the phone a few days after it was confiscated. His complaint is that the phone was taken without his permission while he was at the jail, but such actions were permissible under Supreme Court precedent. To the extent Mr. Placencia is trying to have evidence from the phone suppressed, the proper place to assert such a claim is in his pending criminal case, not in this civil rights lawsuit.[1] *See McDonough v. Smith*, 139 S. Ct. 2149, 2158-59 (2019); *Savory v. Cannon*, 947 F.3d 409, 413 (7th Cir. 2020) (en banc).

Finally, there is no general *respondeat superior* liability under 42 U.S.C. § 1983, and the Sheriff and Sheriff's Department cannot be held liable simply because they employ Sergeant Tamez. *J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020). Additionally, because Mr. Placencia has not plausibly alleged a constitutional violation by Sergeant Tamez, there is no basis to impose municipal liability against these defendants under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). *See Swanigan v. City of Chicago*, 775 F.3d 953, 962 (7th Cir. 2015). Therefore, he has not alleged a plausible claim for relief.

---

[1] Mr. Placencia references a criminal case pending against him DeKalb County, but public records reflect that the state charge was dismissed after he was charged federally. *See State of Indiana v. Placencia*, 17D01-2009-F2-00009 (DeKalb Sup. Ct. dismissed Nov. 4, 2020), available at https://public.courts.in.gov/mycase/#/vw/CaseSummary/eyJ2Ijp7IkNhc2VUb2tlbiI6IkVVOU9HYkdDQ2lvRzBrcHBpak5VVEFYUWZ6YVhEMGF1c3NlR19HWHhMb0UxIn19 (last visited Aug. 23, 2021). He currently has federal charges for distributing methamphetamine pending against him in this District. *See United States v. Placencia*, 1:20-CR-68-HAB-SLC (N.D. Ind. filed Oct. 28, 2020).

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). In the interest of justice, the court will allow Mr. Placencia to amend his complaint if after reviewing this order, he believes he can state a plausible claim for relief, consistent with the allegations he has already made under penalty of perjury.

For these reasons, the court:

(1) DISCHARGES the show cause order;

(2) GRANTS the plaintiff until **September 24, 2021**, to file an amended complaint if he so chooses; and

(3) CAUTIONS him that if he does not respond by that deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A, because the current complaint does not state a claim upon which relief can be granted.

SO ORDERED on August 24, 2021.

    s/ *Holly A. Brady*
    JUDGE HOLLY A. BRADY
    UNITED STATES DISTRICT COURT